Dear Interim Executive Director Southerland,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does the Oklahoma Open Records Act, 51 O.S. 2001 and Supp. 2002, §§ 24A.1-24A.26, require an Indian housing authority created under the Oklahoma Housing Authorities Act, 63 O.S. 2001, §§ 1051-1084[63-1051-1084], to release the names and addresses of housing authority program participants?
¶ 1 This Opinion addresses only the release of names and addresses of program participants and not other information regarding the participants which may be contained in records of the Indian housing authority created under State law.
 I. An Indian Housing Authority Created Under The Provisions Of TheOklahoma Housing Authorities Act, 63 O.S. 2001, §§ 1051-1084[63-1051-1084], Is A State Agency.
¶ 2 Indian housing authorities may be created under tribal law or State law as recognized in regulations implementing the Native American Housing Assistance and Self-Determination Act of 1996 ("NAHASDA"). See 25 U.S.C. §§ 4101-4243; 24 C.F.R. § 1000.10. Your question regards Indian housing authorities created under State law. Both the Oklahoma Housing Authorities Act, 63 O.S. 2001, §§ 1051-1084[63-1051-1084], and Oklahoma case law addressing the status of Indian housing authorities created under State law recognize Indian housing authorities created pursuant to State law are State agencies.
¶ 3 First, Section 1057 of the Oklahoma Housing Authorities Act, which creates Indian housing authorities, provides for Indian housing authority State agency status as follows:
 There is hereby created, with respect to each Indian tribe, band, or nation in the state, a public body corporate and politic, to function in the operating area of such Indian tribe, band, or nation to be known as the "housing authority" of said Indian tribe, band, or nation, which shall be an agency of the State of Oklahoma . . . [.] Provided that said Indian housing authority shall not transact any business nor exercise its powers hereunder until or unless the governing council of said tribe, band, or nation, as the case may be, by proper resolution, declares that there is a need for an authority to function for said tribe, band, or nation.
Id. § 1057 (footnote omitted) (emphasis added).
¶ 4 Secondly, case law construing this provision affirms the State agency status of State-created Indian housing authorities. For example, in Eaves v. State, 795 P.2d 1060 (Okla.Crim. 1990), the Court of Criminal Appeals decided whether the State had jurisdiction to prosecute a defendant for a crime which occurred in a housing project on land owned by an Indian housing authority created pursuant to State law. In holding that the defendant could be prosecuted in State court, the court concluded that a tribal housing authority created pursuant to State law is a State agency, and the land owned by such a State-created tribal housing authority is subject to State court jurisdiction. Id.
at 1062. Accordingly, State-created Indian housing authorities are State agencies.
 II. As A State Agency, A State-Created Indian Housing Authority Is Subject To The Provisions Of The Oklahoma Open Records Act, 51 O.S. 2001 And Supp. 2002, §§ 24A.1-24A.26.
¶ 5 The Oklahoma Open Records Act ("Act"), 51 O.S. 2001 and Supp. 2002, §§ 24A.1-24A.26 applies to public bodies. Id. § 24A.5. A State-created Indian housing authority is a "public body" as the term is defined in the Act. The Act defines "public body" to include an agency that is "supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property."[1] Id.
§ 24A.3(2) (emphasis added). Property held by a State-created Indian housing authority is State property regardless of funding source. Satepeahtaw v. State, 595 P.2d 805, 808 (Okla. Crim 1979). Accordingly, because State-created Indian housing authorities operate and administer public property they are public bodies subject to the Act. 51 O.S. 2001, § 24A.5[51-24A.5].
¶ 6 The Act imposes certain requirements on all public bodies. The Act requires that "[a]ll records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours[.]"Id. § 24A.5. This disclosure requirement, however, does not apply where records are specifically required by law to be kept confidential or where they are exempt from disclosure under the Act. Id. §§ 24A.5(1); 24A.2.
¶ 7 To answer the question posed, we must determine whether any provisions of law make the referenced records confidential, or exempt them from disclosure under the Act.
 III. No Provision In Oklahoma Law Exempts The Names And Addresses Of Participants In A State-Created Indian Housing Authority Program From Disclosure Under The Oklahoma Open Records Act, 51 O.S. 2001 And Supp. 2002, §§ 24A.1-24A.26.
¶ 8 As noted previously, the disclosure requirements of the Act do not apply to records specifically required by law to be kept confidential. 51 O.S. 2001, § 24A.5[51-24A.5](1). In addition, the Act provides exemptions to disclosure. See 51 O.S. 2001 Supp. 2002, § 24A.1-24A.26. The public policy supporting these exclusions from disclosure is expressed by the Legislature as follows:
 The privacy interests of individuals are adequately protected in the specific exceptions to the Oklahoma Open Records Act or in the statutes which authorize, create or require the records.
Id. § 24A.2.
¶ 9 A review of the Oklahoma Housing Authorities Act, which establishes the parameters of the operation of State-created Indian housing authorities, reveals that no provision makes the names and addresses of program participants confidential. See
63 O.S. 2001, §§ 1051-1084[63-1051-1084]. In addition, a review of the Act reveals that no provision exempts the names and addresses of participants in the Indian housing authority programs from disclosure. See 51 O.S. 2001 Supp. 2002, §§ 24A.1-24A.26. The Act does, however, recognize that records required by federal law to be kept confidential must remain confidential. Id. § 24A.13. Accordingly, we next examine federal law dealing with Indian housing authorities to determine whether federal law requires the names and addresses to be kept confidential.
 IV. Federal Law Does Not Require The Names And Addresses Of Participants In A State-Created Indian Housing Authority Programs To Be Kept Confidential.
¶ 10 The Oklahoma Housing Authorities Act authorizes housing authorities to obtain grants or other financial assistance from the federal government. 63 O.S. 2001, § 1076[63-1076]. In this regard NAHASDA authorizes block grants on behalf of Indian tribes to carry out affordable housing activities. 25 U.S.C. § 4111(a). Under such grants, the grant amounts are provided directly to a "recipient" for the tribe. Id. "Recipient" is defined in NAHASDA to mean "an Indian tribe or the entity for one or more Indian tribes that is authorized to receive grant amounts" on behalf of the tribe or tribes. Id. § 4103(18). A tribally designated housing entity, including an Indian housing authority, may be a grant recipient under NAHASDA. Id. § 4103(21)(B). Regulations implementing NAHASDA provide that neither the federal Freedom of Information Act nor the Federal Privacy Act applies to recipient records, as follows:
 [The Freedom of Information Act] does not apply to recipient records. However, there may be other applicable State and tribal access laws or recipient policies which may apply.
24 C.F.R. § 1000.556. And,
 The Federal Privacy Act does not apply to recipient records. However, there may be other applicable State and tribal access laws or recipient policies which may apply.
24 C.F.R. § 1000.558. As shown from the language above, NAHASDA regulations recognize that while the Freedom of Information Act and the Federal Privacy Act do not apply to recipient records, there may be State or tribal access laws which apply. We have already concluded that there is no exception to disclosure under State law in Oklahoma. Further, because we are only dealing with records of State agencies — State-created Indian housing authorities — tribal laws do not apply and therefore need not be addressed. Accordingly, the names and addresses of program participants contained in State-created Indian housing authority records must be made available to the public in accordance with the Act.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. An Indian housing authority created pursuant to the Oklahoma Housing Authorities Act, 63 O.S. 2001, § 1057, is an agency of the State of Oklahoma.
 2. As a State agency administering or operating public property, a State-created Indian housing authority is subject to the provisions of the Oklahoma Open Records Act. 51 O.S. Supp. 2002, § 24A.3[51-24A.3].
 3. The names and addresses of the participants contained in the records of a State-created Indian housing authority are subject to disclosure under the Oklahoma Open Records Act because no exemption applies and no other provision of law requires their confidentiality. 51 O.S. 2001, § 24A.5[51-24A.5].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DOROTHY BROWN Assistant Attorney General
[1] See 2003 Okla. Sess. Laws ch. 3, § 42 (amending 51 O.S.2001, § 24A.3[51-24A.3]). The modifications are not germane to the discussion here.